10-5202-ag
Singh v. Holder

BIA
Montante, IJ
A077 051 243

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of April, two thousand twelve.

PRESENT:
        ROSEMARY S. POOLER,
        RICHARD C. WESLEY,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*
_____

NARINDER SINGH,
        *Petitioner,*

        v.                                    10-5202-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Maleeha Haq, Hardeep S. Rai, San
                       Francisco, California.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Richard M. Evans, Assistant
                       Director; Margaret A. O'Donnell,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Narinder Singh, a native and citizen of India, seeks review of a December 6, 2010 order of the BIA, affirming the February 10, 2009 decision of Immigration Judge ("IJ") Philip J. Montante, Jr., which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Singh*, No. A077 051 243 (B.I.A. Dec. 06, 2010), *aff'g* No. A077 051 243 (Immig. Ct. Buffalo, N.Y. Feb. 10, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably determined that conditions in India had changed sufficiently since Singh left in 2000, such that he no longer had a well-founded fear of

2

persecution.  *See* 8 C.F.R. § 1208.13(b)(1)(ii) (A).  In determining that country conditions had changed, the agency relied on the U.S. Department of State's 2008 India Issue Paper on the Treatment of Sikhs ("2008 Issue Paper"), which indicated that "conditions for Indian Sikhs differ dramatically from those of the 1980s and 1990s," and that although there may still be instances of "[h]uman rights abuses . . . by police throughout India," "[t]here is no indication that Sikhs are singled out for such abuse or that such abuse occurs with either the overt or tacit consent of the Government of India."  This reliance was reasonable. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006); *Surinder Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006).

Moreover, contrary to Singh's contention that the agency erred in relying exclusively on the 2008 Issue Paper without considering contrary background evidence, there is no indication that either the IJ or the agency ignored other evidence.  *See Xiao Ji Chen*, 471 F.3d at 337 n.17; *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).  Indeed, the only evidence in the record supporting Singh's contention that Sikhs in India continued to face persecution

3

after his arrival in the U.S. pre-date the 2008 Issue Paper by several years. That evidence, therefore, does not contradict the agency's determination that the more recent findings contained in the 2008 Issue Paper indicated that conditions for Sikhs in India had significantly improved. Accordingly, to the extent that the record contained evidence that contradicted the conclusions in the 2008 Issue Paper, the agency's decision to accord greater weight to the 2008 Issue Paper in its decision was reasonable. *See Jian Hui Shao*, 546 F.3d at 171; *see also Xiao Ji Chen*, 471 F.3d at 342.

Thus, the agency did not err in finding that a fundamental change in circumstances in India rebutted the presumption that Singh had a well-founded fear of persecution. *Cf. Niang v. Mukasey*, 511 F.3d 138, 149 (2d Cir. 2007). The agency also did not place excessive reliance on the U.S. Department of State's 2008 Issue Paper or ignore evidence contrary to those reports. *See Tian-Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir. 2004); *see also Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). Accordingly, the agency reasonably denied Singh's asylum and withholding of removal claims. *Cf. Paul v. Gonzales*, 444

4

F.3d 148, 156 (2d Cir. 2006).  Moreover, the agency reasonably denied CAT relief because the same considerations that led the agency to conclude that Singh did not establish a likelihood of persecution in India provide substantial evidence for its conclusion that he is not likely to be tortured.  *Cf. Paul*, 444 F.3d at 155–56.

For the foregoing reasons, the petition for review is DENIED. Singh's motion for a stay of removal is DISMISSED as moot.

|  | FOR THE COURT: |
|  | Catherine O'Hagan Wolfe, Clerk |